COURT OF APPEALS
DECISION
DATED AND FILED

September 4, 2024

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2022AP284**

Cir. Ct. No. 2020CV1292

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT II

GREENWALD FAMILY LIMITED PARTNERSHIP,

PLAINTIFF-RESPONDENT,

V.

VILLAGE OF MUKWONAGO,

DEFENDANT-APPELLANT.

APPEAL from a judgment of the circuit court for Waukesha County: RALPH M. RAMIREZ, Judge. *Affirmed*.

Before Gundrum, P.J., Neubauer and Lazar, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1     PER CURIAM.  The Village (Village) of Mukwonago appeals from the circuit court's judgment in favor of the Greenwald Family Limited Partnership (GFLP). The Village argues that its power of eminent domain allows it to modify the use of land given to the Village for the dedicated purpose of building a regional pond pursuant to WIS. STAT. § 236.29 (2021-22).[1]  We reject this argument and, therefore, we affirm the judgment.

¶2     The relevant facts are undisputed.  In 2003, GFLP dedicated a parcel of land known as Outlot 4 to the Village for the specific purpose of serving as a regional pond under WIS. STAT. § 236.29.  The Village accepted the dedication, agreeing that the parcel would be used for a regional pond and constructing the pond.

¶3     In 2020, the Village began the process of using its eminent domain power to acquire property rights to develop a road across Outlot 4 for future commercial development.  GFLP formally objected to the Village's plan, citing the specific use restriction imposed by the statutory dedication.  GFLP then filed a lawsuit seeking declaratory judgment that Outlot 4 was dedicated for use as a pond and an injunction preventing the Village from using it for any other purpose.  The Village initiated separate condemnation proceedings against Outlot 4, which GFLP challenged in a separate action.

¶4     The two cases were consolidated for disposition.  Both parties filed motions for summary judgment.  The circuit court granted summary judgment in favor of GFLP, ruling that Outlot 4 was dedicated for use as a regional pond and could not be repurposed for a road.  The court denied the Village's motion for summary judgment.

---

[1] All references to the Wisconsin Statutes are to the 2021-22 version unless otherwise noted.

¶5      Summary judgment is appropriate when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. ***Green Spring Farms v. Kersten***, 136 Wis. 2d 304, 315, 401 N.W.2d 816 (1987). We review the circuit court's order granting or denying summary judgment de novo, applying the same standards as the circuit court. ***Smith v. Dodgeville Mut. Ins. Co.***, 212 Wis. 2d 226, 232, 568 N.W.2d 31 (Ct. App. 1997).

¶6      The Village argues that its power of eminent domain allows it to build a road for commercial development across Outlot 4. We disagree. Where, as here, land is donated to a municipality through a statutory dedication under WIS. STAT. § 236.29,[2] the plain language of that statute mandates that the land be used "for the purposes therein expressed and no other." *See* § 236.29(1). The Village accepted Outlot 4 with the condition that it would be used exclusively as a regional pond. The land must therefore be used exclusively as a regional pond unless the Village complies with the statutory and constitutional procedures that permit modification of the use of statutorily dedicated land.

---

[2] WISCONSIN STAT. § 236.29 provides:

> **(1)** EFFECT OF RECORDING ON DEDICATIONS. When any plat is certified, signed, acknowledged, and recorded as prescribed in this chapter, every donation or grant to the public or any person, society or corporation marked or noted as such on said plat shall be deemed a sufficient conveyance to vest the fee simple of all parcels of land so marked or noted, and shall be considered a general warranty against such donors, their heirs and assigns to the said donees for their *use for the purposes therein expressed and no other*; and the land intended for the streets, alleys, ways, commons or other public uses as designated on said plat shall be held by the town, city, or village in which such plat is situated in trust to and for such uses and purposes.

(Emphasis added.)

¶7     The Wisconsin Constitution provides that after a municipality accepts a dedication of land, if the original dedicated use of the land becomes "impossible or impractical," the municipality must either return the land to the original grantor or obtain the grantor's consent to alter the use. *See* WIS. CONST. art. XI, § 3a;[3] *see also* WIS. STAT. § 66.1025 (codifying WIS. CONST. art. XI, § 3a).  The Village did not pursue this required procedure.

¶8     The Village contends that its eminent domain power allows it to circumvent the land dedication restriction because GFLP retained an interest in Outlot 4 by restricting the use of the land when it donated the land to the Village.  Again, we disagree.  Based on the plain language of WIS. STAT. § 236.29, land dedications made pursuant to § 236.29 vest in the municipality in fee simple.  *See **id.*** ("every donation or grant to the public … on said plat shall be deemed a sufficient conveyance to vest the fee simple of all parcels of land so marked or noted").  The statute expressly contemplates dedications with conditions that limit the land's use but nevertheless convey the land to the grantee in fee simple.  GFLP has no property interest in Outlot 4 because the dedication vested fee simple title with the Village.  The Village has no eminent domain power to condemn property it owns.  *See* WIS. STAT. § 32.03.

---

[3]  WISCONSIN CONST. art. XI, § 3a provides in part:

> If the governing body of a county, city, town or village elects to accept a gift or dedication of land made on condition that the land be devoted to a special purpose and the condition subsequently becomes impossible or impracticable, such governing body may by resolution or ordinance enacted by a two-thirds vote of its members elect either to grant the land back to the donor or dedicator or his heirs or accept from the donor or dedicator of his heirs a grant relieving the county, city, town or village of the condition….

¶9      The statutory and constitutional framework governing land dedications in Wisconsin ensures that dedicated lands are used for their intended public purposes unless a reason justifies a change, and even then, only through the proper legal procedures.  To allow the Village to use its power of eminent domain would undermine the integrity of statutory dedications and the trust placed in municipalities to adhere to the conditions of such dedications.  We conclude that the Village is bound by the terms of the statutory dedication and cannot repurpose Outlot 4 for road construction without complying with the procedures outlined in WIS. CONST. art. XI, § 3a, and WIS. STAT. § 66.1025.

*By the Court.*—Judgment affirmed.

This opinion will not be published.  See WIS. STAT. Rule 809.23(1)(b)5.